IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JASON W. TUCKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:11-CV-339 |
| | ) |
| JSUTIN FAW, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

This matter is before the court on a vague complaint and an improperly completed *in forma pauperis* petition[1] submitted by Jason W. Tucker. For the reasons set forth below, the court **DENIES** the *in forma pauperis* petition (DE # 2), **DISMISSES** this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and **CAUTIONS** Jason W. Tucker that if he continues to file meritless claims, he may be fined, sanctioned or restricted.

BACKGROUND

This is the fourth time in fourteen months that Jason W. Tucker, a *pro se* plaintiff, has sued the Grant County Sheriff and members of the Marion City Police Department. Each lawsuit involved separate and unrelated arrests. The complaints in the three previous lawsuits did not state a claim. Neither does this one.

---

[1] It is unnecessary to address the improperly completed *in forma pauperis* petition because the complaint does not state a claim.

Here, Tucker alleges that the police violated his Fourth Amendment rights when they stopped him and that they lacked probable cause to arrest him. The police detained Tucker in the backyard of a stranger at night after they had seen him running down an alley with a flashlight looking into garages and lurking in backyards. The police arrested him for disorderly conduct when he would not stop disturbing the neighbors by screaming profanities after they asked him to be quiet.

DISCUSSION

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action . . . (ii) fails to state a claim on which relief may be granted . . .." 28 U.S.C. § 1915(e)(2).

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. ___, ___; 129 S. Ct. 1937, 1949; 173 L. Ed. 2d 868, 884 (2009) (quotation marks and citations omitted).

Based on this complaint and its attachments, it is not plausible that the police violated Tucker's Fourth Amendment rights when they stopped him.

> The officer making a Terry stop must be able to articulate something more than an inchoate and unparticularized suspicion or hunch. The Fourth Amendment requires some minimal level of objective justification for making the stop. That level of suspicion is considerably less than proof of wrongdoing by a preponderance of the evidence. We have held that probable cause means a fair probability that contraband or evidence of a crime will be found, and the level of suspicion required for a Terry stop is obviously less demanding than for probable cause.
> Reasonable suspicion is a less demanding standard than probable cause not only in the sense that reasonable suspicion can be established with information that is different in quantity or content than that required to establish probable cause, but also in the sense that reasonable suspicion can arise from information that is less reliable than that required to show probable cause.

*Alabama v. White*, 496 U.S. 325, 329-330 (1990) (brackets, ellipsis, quotation marks and citations omitted). Here, the police had reasonable suspicion that Tucker was committing a crime when they saw him running down an alley with a flashlight looking into garages and lurking in backyards. Thus, they did not violate his Fourth Amendment rights when they briefly detained him while they questioned the homeowner about whether he had permission to be in the backyard.

So too, based on this complaint and its attachments, it is not plausible that the police arrested Tucker for disorderly conduct without probable cause.

> A law enforcement officer has probable cause to arrest
> when the facts and circumstances within his knowledge and
> of which he has reasonably trustworthy information are
> sufficient to warrant a prudent person in believing that
> the suspect had committed or was committing an offense.
> We evaluate probable cause not on the facts as an
> omniscient observer would perceive them but on the facts
> as they would have appeared to a reasonable person in the
> position of the arresting officer--seeing what he saw,
> hearing what he heard.

*Booker v. Ward*, 94 F.3d 1052, 1057-58 (7th Cir. 1996) (quotation marks, brackets, citations, and emphasis omitted). Here, Tucker was screaming profanities in front of (and perhaps at) the police officers. They observed neighbors peering from their windows late at night. They asked Tucker to quiet down. When he did not, they arrested him for the disorderly conduct they were personally observing.

This complaint does not state a claim. This is the fourth time in fourteen months that Tucker has filed a meritless complaint attempting to sue the Grant County Sheriff and Marion City police officers. Though sanctions are not warranted in this instance, Tucker is cautioned that if he persists in filing meritless claims, he may be fined, sanctioned, or restricted.

CONCLUSION

For the reasons set forth above, the court **DENIES** the *in forma pauperis* petition (DE # 2), **DISMISSES** this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and **CAUTIONS** Jason W. Tucker that if he

continues to file meritless claims, he may be fined, sanctioned or restricted.

DATED: December 12, 2011          /s/ Rudy Lozano, Judge
                                 United State District Court